## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 95-CA-00627-SCT

*CITY OF JACKSON AND JAMES H. ROBINSON*

*v.*

*DELL M. LUMPKIN*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/10/95 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT |
| ATTORNEYS FOR APPELLANTS: | SARAH O'REILLY-EVANS |
| | WILLIAM A. GOWAN, JR. |
| ATTORNEYS FOR APPELLEE: | ORBIE S. CRAFT |
| | JACK B. BRENEMEN |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | DISMISSED - 7/31/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/22/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

### I. INTRODUCTION

¶1. The present case involves a lawsuit filed by a motorist against the City of Jackson and one of its police officers arising out of an automobile accident which allegedly resulted from negligent driving on the part of the officer. This Court holds that the plaintiff failed to meet the statutory requirements that notification of the lawsuit be granted to the "chief executive officer" of a governmental entity in order to maintain a lawsuit against such an entity and we accordingly vacate the judgment entered in favor of the plaintiff and dismiss the cause of action.

### II. STATEMENT OF THE CASE

¶2. On July 21, 1994, Dell Lumpkin (Lumpkin) filed suit in the Circuit Court of Hinds County against the City of Jackson and Officer James H. Robinson for injuries suffered in an automobile accident which occurred on October 10, 1993. The defendants filed a motion to dismiss and/or in the alternative for summary judgment, alleging that Lumpkin had failed to meet the jurisdictional requirements of Miss. Code Ann. § 11-46-11 (1994 Supp), but the motion was denied by the circuit judge on April 2, 1995.

¶3. The case was tried on May 3, 1995 with the circuit judge serving as trier of fact. The court entered a judgment on May 10, 1995, finding that Robinson had acted in reckless disregard of the safety and well being of Lumpkin and that the City was therefore not immune from suit pursuant to Miss. Code Ann. § 11-46-9(c). The Court found that Lumpkin was 25% contributorily negligent with regard to the accident and ruled that the City was liable to Lumpkin for damages in the amount of $5,663.80. The City timely filed an appeal from the judgment.

## III. STATEMENT OF THE FACTS

¶4. On October 10, 1993, James H. Robinson, an officer with the Jackson Police Department, was attempting to enter East McDowell Road from a Shell service station. Robinson's view of East McDowell was blocked by a row of hedges, but, after stopping and looking, he nevertheless proceeded to enter the road, and a collision between Robinson's vehicle and a vehicle driven by Lumpkin resulted. At trial, the main disputed fact regarding the accident related to the issue of whether or not Lumpkin was in the outside or inside lane of East McDowell at the time of the accident.

## IV. LAW

### A. The trial court erred in finding that the plaintiff met the notice requirements of Miss. Code Ann. § 11-46-11 (Supp. 1994), and therefore the circuit court did not have jurisdiction of the claim.

¶5. The City argues that Lumpkin did not comply with the statutory requirements for notification in cases filed against a government entity. Miss. Code Ann. § 11-46-11 (1994 Supp.) provides that:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action in law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity, and, if the governmental entity is participating in a plan administered by the board [Mississippi Tort Claims Board] pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

¶6. MCA § 11-46-11 thus requires that the "chief executive officer" of a governmental entity be granted notice of a pending suit at least ninety (90) days prior to filing the suit through the filing of a "notice of claim." Plaintiff Lumpkin notes that his attorney notified the City's claims department and submitted invoices of medical bills, but both parties agree that no notice of claim or other notice was

ever given directly to the chief executive officer of the governmental entity in question.

¶7. In the view of this Court, the present appeal therefore involves a rather straightforward case of non-compliance with the notice requirements of § 11-46-11. Lumpkin offers a number of arguments as to why this non-compliance should not bar her claim, including the argument that the notice requirement is not jurisdictional, but rather only "directive." This Court finds this argument to be unpersuasive. The Legislature elected to waive sovereign immunity to a large extent in the Tort Claims Act statutes, but it saw fit to qualify this waiver with a number of procedural requirements which, it is logical to conclude, must be complied with for this waiver to take effect.

¶8. There are a number of valid reasons why the Legislature would require that the Chief Executive Officer of a governmental entity be given advance notice of planned litigation against it, and the Legislature saw fit to implement specific and detailed requirements for the granting of this notice. Miss. Code Ann. § 11-46-11(2) requires that:

> The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Given the specific requirements set forth by the Legislature for the granting of notice, it is clear that Lumpkin's actions in merely submitting invoices to the City's claims department did not suffice for the purposes of granting notice under § 11-46-11[1].

¶9. Lumpkin's other primary argument with regard to § 11-46-11 is that the record on appeal does not contain the transcript of the hearing at which the City argued for dismissal or, alternatively, summary judgment on grounds of non-compliance with the statute. Lumpkin thus argues that there is no evidence in the record that she did not in fact comply with the notice requirements of § 11-46-11. This argument is without merit. The record contains Lumpkin's response to the motion for dismissal/summary judgment, in which Lumpkin's arguments acknowledge that the statutory requirements of § 11-46-11 were not met. In the view of this Court, this motion is sufficient for this Court to conclude that no notice of claim was filed with the chief executive officer in the present case and that Lumpkin failed to comply with the requirements of Miss. Code Ann. § 11-46-11.

¶10. Lumpkin's final argument that Officer Robinson's actions constituted the crime of assault pursuant to Miss. Code Ann. § 97-3-7 and that sovereign immunity accordingly does not apply is similarly unpersuasive. The action of Officer Robinson in entering East McDowell may well have been negligent, but it can not be validly contended that the action constitutes the crime of assault. In the view of this Court, Lumpkin failed to comply with the clear notice requirements of the statute and we accordingly conclude that the judgment should be vacated and the cause of action dismissed. This Court considers it unnecessary to consider the remaining point of error, dealing with the issue of whether Officer Robinson's actions evidenced a willful disregard for the safety of the public.

¶11. **JUDGMENT VACATED AND CAUSE DISMISSED.**

**LEE, C.J., SULLIVAN, P.J., BANKS, ROBERTS AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, J. SMITH, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶12. With its opinion, the majority has removed our familiar "substantial compliance" standard applicable to interpretation of statutes and has replaced it with a "strict compliance" standard. In the present case, although the plaintiff made no "notice of claim" directly to the statutorily designated officer, the plaintiff did notify the claims department of the City of Brookhaven that he had suffered injuries. As the claims department is a branch of the city government responsible to the city's chief executive officer, the plaintiff has substantially complied with the requirements of the statute. Given the majority's departure from our compliance rules, I dissent.

¶13. In *Bell v. Mitchell*, 592 So.2d 528, 531 (Miss. 1991), this Court recognized that "the old rule that the statutes must be strictly complied with is no longer a controlling principle of interpretation. The cases in recent years show that a substantial compliance is sufficient." *See Central Optical Merchandising Co., Inc. v. Lowe*, 249 Miss. 61, 160 So.2d 673 (1964). In many contexts, this Court has applied the substantial compliance standard to statutory notice requirements. *See Evans v. Boyle Flying Service, Inc.*, 680 So. 2d 821, 830 (Miss. 1996) (in negligence action for spray-drift from aerial application, applying "substantial compliance" rule to notice-of-claim provision in Miss. Code Ann. § 69-21-123); *Brown v. Riley*, 580 So. 2d 1234, 1237 (Miss. 1991) (in complaint to confirm tax deed to realty, applying "substantial compliance" rule to process statutes and Miss. Code Ann. § 27-43-3); *Jones v. Welford*, 208 So. 2d 196, 199 (Miss. 1968) (applying "substantial compliance" rule to statute relating to designation of record on appeal). The majority presents no reason to suggest that the substantial compliance standard should not apply here as well, particularly as to the statute allowing recovery on a state tort claim, a statute that took the Legislature ten years to enact after this Court's decision to abolish judicially created sovereign immunity.

¶14. Since the attorney in this case gave notice to the City's claims department that a claim existed, the notice was sufficient to distinguish this claim from other similar claims, and the notice was a good faith, substantial compliance with the statute, Lumpkin should not be barred from pursuing a recovery based on the negligence of Officer Robinson. I disagree with the majority's strict construction of the notice requirement in Miss. Code Ann. § 11-46-11. The judgment of the circuit court below should be affirmed.

**PITTMAN, J., JOINS THIS OPINION.**

1. J. James Frasier III writes in "A Review of Issues Presented By § 11-46-11 of the Mississippi Tort Claims Act: The Notice Provisions and Statute of Limitations." 65 *Miss. Law Journal* 643, 650 that "(T)he Mississippi Legislature's choice of mandatory, condition precedent language . . . suggests an intent to require strict compliance with the notice of claim provisions and a directive to the courts to disallow mere substantial compliance."