## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CA-00464-SCT

*COY C. CARPENTER*

*v.*

*DAVID W. DAWSON AND THE CITY OF SOUTHHAVEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/05/96 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM P. MYERS |
| ATTORNEY FOR APPELLEES: | WILTON V. BYARS, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/13/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/4/97 |

**EN BANC.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

### I. STATEMENT OF THE FACTS AND CASE

¶1. On July 17, 1994, Coy Carpenter was injured in a collision with an auto driven by David Dawson, an officer on duty with the City of Southaven police. Counsel for Carpenter contacted the liability carrier for Southaven in an unsuccessful attempt to reach a settlement, but Carpenter did not submit a notice of claim to the City. Carpenter filed suit against Southaven and Dawson on October 5, 1995, one year and eighty days after the accident in question. Southaven was granted summary judgment by the Circuit Court of Desoto County based upon the running of the one-year statute of limitations in Miss. Code Ann. § 11-46-11. Feeling aggrieved, Carpenter timely appealed said ruling to this Court.

### II. ISSUES

#### A. IS NOTICE OF CLAIM TO INSURANCE CARRIER IS SUFFICIENT TO TOLL RUNNING OF STATUTE OF LIMITATIONS AGAINST THE CITY?

¶2. The instant appeal involves substantially the same issue confronted by this Court in ***Robinson v.***

*Lumpkin*, 95-CA-00627-SCT, (Miss. July 31, 1997), that is, whether this Court will strictly enforce the statutory requirement for notice in the Tort Claims Act, specifically Miss. Code Ann. § 11-46-11. This Court held in *Lumpkin* that notification which, as here, was not provided to the "chief executive officer" of the governmental entity in question did not comply with the statutory requirements for notice. Carpenter argues that the one year statute of limitations provided in the Tort Claims Act statutes was tolled for an additional ninety-five (95) days based upon the fact that he provided notice of his claim to the insurance carrier for the City of Southaven.

¶3. Miss. Code Ann. § 11-46-11 provides that:

(1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity;

(2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

(3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

¶4. The accident from which the present case arose occurred on July 17, 1994, and Carpenter did not file suit until October 5, 1995. Absent the tolling of the one-year statute of limitations by the providing of statutorily valid notice, Carpenter's suit is thus barred by the one-year statute of limitations. It is clear that the notice provided by Carpenter in the present case did not comply with the requirements of Miss. Code Ann. § 11-46-11, and the trial court thus correctly ruled that Carpenter's claim was not timely filed.

¶5. The notice provided by Carpenter, in the form of a two sentence letter to the city's liability carrier, merely sets forth the names of the plaintiff and the defendant and the date of the accident. In addition to failing to provide the "chief executive officer" (i.e. the mayor) with the required notice, it is apparent that the notice lacked much of the statutorily required information regarding the claim. Specifically, the notice failed to contain a "short and plain statement of facts," the "extent of the

injury," the "time and place the injury occurred," the "names of all persons known to be involved," "the amount of damages sought," and the "residence of the person making the claims." Under these facts, the notice granted by Carpenter could not even be said to "substantially" comply with the requirements of Miss. Code Ann. § 11-46-11, and the notice is certainly not sufficient under a strict construction of the statute.

¶6. It is clear that the notice provisions contained in the Torts Claims Act statutes constitute a litigation "pitfall" for plaintiffs' attorneys in cases filed against the state and its political subdivisions. The notice provisions in Miss. Code Ann. § 11-46-11 are detailed and set forth requirements for notice which differ from those in the Mississippi Rules of Civil Procedure, to which attorneys in this State are accustomed. In this context, mistakes in complying with the required notification procedures are not surprising, and the enforcement of the statutory notice provisions will, at times, bring about harsh results. The alternative, however, is that this Court and the trial courts ignore specific statutory requirements for notice phrased in mandatory language by the Legislature.

¶7. The Legislature mandated that the required notice "shall" be provided, and the trial judge correctly concluded that the statute should be strictly enforced. It would set a dangerous precedent if this Court were to ignore specific statutory requirements for notice. This Court must enforce the statute as written, and the members of the bar will comply with the requirements therein, which are not overly burdensome or complicated. The main obstacle to compliance with the notice provisions is a lack of knowledge of the requirements therein, and this obstacle will presumably become less of a factor with the passage of time and with the assistance of continuing legal education. As always, the Legislature retains the authority to modify the statutory language in question.

### B. DID THE CITY WAIVE ITS RIGHT TO RAISE STATUTE OF LIMITATIONS?

¶8. As an alternative argument, Carpenter contends that the City waived the right to raise the lack of notification issue through "acceptance of notice to the insurance carrier." This argument is without merit. The City raised the defenses of the statute of limitations and lack of notice in their answer to Carpenter's complaint, and these defenses were not waived by the fact that the City did not reject the notification or otherwise notify Carpenter of the deficiencies therein. It is not the responsibility of the City or any other defendant to ensure that a plaintiff seeking damages against them complies with the applicable notice requirements, and this Court concludes that this point of error is without merit. The Circuit Judge's summary judgment ruling is affirmed.

¶9. **JUDGMENT IS AFFIRMED.**

**LEE, C.J., BANKS, SMITH AND ROBERTS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND PITTMAN, J. MILLS, J., NOT PARTICIPATING.**


**McRAE, JUSTICE, DISSENTING:**

¶10. I disagree with the majority's decision to affirm the lower court's order granting summary judgment to the City of Southhaven. The City's immunity was waived to the extent of liability insurance carried. Carpenter's attorney contacted the City's liability insurance carrier, the real party in interest since it would be liable for payment of any successful claim against the City, and attempted to reach a settlement within the one year statute of limitations specified by the Tort Claims Act. As the carrier for the City's liability insurance, the insurer was the City's agent in fact. Thus, the City was provided with notice of Carpenter's claim.

¶11. As explained in my dissent in *City of Jackson v. Lumpkin,* 697 So. 2d 1179 (Miss. 1997), we generally have applied a "substantial compliance" standard when determining whether the requirements of a statute have been met. *Evans v. Boyle Flying Service, Inc.*, 680 So. 2d 821, 830 (Miss. 1996); *Brown v. Riley*, 580 So. 2d 1234, 1237 (Miss. 1991); *Bell v. Mitchell*, 592 So. 2d 528, 531 (Miss. 1991); *Jones v. Welford*, 208 So. 2d 196, 199 (Miss. 1968). The majority, instead, as it did in *Lumpkin,* erroneously imposes a "strict compliance" construction upon the notice requirement set forth in Miss. Code Ann. § 11-46-11. In the case sub judice*,* although Carpenter made no "notice of claim" directly to the statutorily designated officer, his attorney notified the City's insurance carrier of his claim. He therefore substantially complied with the requirements of the statute. Because the majority again has departed from our familiar construction of compliance standards, I dissent.

**SULLIVAN, P.J., AND PITTMAN, J., JOIN THIS OPINION.**