## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-IA-01236-SCT

*ELLISVILLE STATE SCHOOL AND MISSISSIPPI DEPARTMENT OF MENTAL HEALTH, JOINTLY AND SEVERALLY*

*v.*

*ERNESTINE MERRILL*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/02/97 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | OFFICE OF THE ATTORNEY GENERAL BY: JIM FRAISER |
| ATTORNEY FOR APPELLEE: | JOHN N. SATCHER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 02/04/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PITTMAN, P.J., ROBERTS AND SMITH, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1. The Appellants, Ellisville State School (or "School") and Mississippi Department of Mental Health (hereinafter jointly as the "State"), come before this Court appealing an order of the Circuit Court of Jones County which denied the State's motion to dismiss a defamation action brought against it by the Appellee, Ernestine Merrill (or "Merrill").

¶2. On October 2, 1995, the Ellisville State School, an arm of the Mississippi Department of Mental Health, published a letter about Merrill that she claimed was libelous. The letter was posted at several locations throughout the School and informed employees that Merrill was not to be allowed on the premises. Since the facility is gated and the entrance is regulated by a security guard, Merrill did not discover the letter until October 8, 1995.

¶3. On October 1, 1996, Merrill filed notice of her claim with Dr. Albert Randel Hendrix, Executive Director of the Department of Mental Health. Merrill filed her complaint on January 6, 1997.

¶4. The State filed a motion to dismiss, alleging that Merrill's claim was barred for failure to comply with the statute of limitations and notice provisions of § 11-46-11 of the Mississippi Tort Claims Act ("MTCA"). The State claimed that the MTCA's one (1) year statute of limitations began to run on the day that the letter was published - October 2, 1995. Additionally, the State claimed that Merrill allowed more than 95 days to pass between October 1, 1996 and January 6, 1997, which also would have violated the statute of limitations provision of § 11-46-11.

¶5. Conversely, Merrill argued that the statute of limitations did not begin to run until her discovery of the letter on October 8, 1995. Merrill asserts that the discovery rule should be applied to the statute of limitations contained in § 11-46-11, thereby making her notice given on October 1, 1996, timely filed.

¶6. The lower court heard the State's motion on September 2, 1997, and on September 19, 1997, entered an order denying the State's motion. The court found that the statute of limitations did not begin to run until Merrill's discovery of the publication on October 8, 1995 and as such fell within the applicable one (1) year statute of limitations.

¶7. Aggrieved by the ruling, the State filed a Petition for Interlocutory Appeal which was granted by the lower court. On December 15, 1997, this Court agreed to hear the petition. On appeal, the sole argument raised by the State is as follows:

> **I. THE DISCOVERY RULE DOES NOT APPLY TO TOLL THE ACCRUAL OF MERRILL'S LIBEL CLAIM AND PREVENT THE RUNNING OF THE ONE (1) YEAR STATUTE OF LIMITATIONS IN § 11-46-11.**

¶8. This Court holds that the trial judge was in error when he applied the discovery rule to the MTCA. Although the discovery rule was applied to the general libel statute of limitations in *Staheli v. Smith*, 548 So. 2d 1299 (Miss. 1989), this case can be distinguished. First, different accrual language is used in the general libel statute of limitations in § 15-1-35 and the MTCA limitations provision in § 11-46-11. Second, the Legislature, in § 11-46-11, mandates that its statute of limitations is controlling and is not to be subordinated by another limitations provision or legal doctrine. Third, keeping the discovery rule out of libel claims arising under the MTCA will fulfill an important policy interest of the State while not unduly burdening a limited class of plaintiffs.

¶9. However, the record seems to indicate that both Merrill's filing of notice and her complaint fell narrowly within the respective time limits. As a result, the trial judge incorrectly held that Merrill's claim would have been late without application of the discovery rule.

¶10. Thus, we hold that Merrill's claim was timely filed despite this Court's refusal to apply the discovery rule. As a result, this case is reversed and remanded for further proceedings consistent with this opinion.

## STATEMENT OF THE FACTS

¶11. Both Merrill and the State stipulated to all of the above-mentioned facts, and said stipulations were contained in the lower court's September 2, 1997 order. The parties did not request that any further part of the record be sent to this Court. The only disputed issue presented by the parties on appeal concerned the date on which the libel cause of action accrued.

## DISCUSSION OF THE ISSUE

¶12. The sole issue presented by this appeal is one of first impression. The question presented is whether the discovery rule applies to toll the accrual of Merrill's libel cause of action and prevent the expiration of the one (1) year statute of limitations in § 11-46-11 of the MTCA.

**General Statute of Limitations for Libel Actions**

¶13. Mississippi Code Annotated § 15-1-35 provides in pertinent part:

> All actions for . . . slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action **accrued**, and not after.

Miss. Code Ann. § 15-1-35 (Rev. 1995) (emphasis added).

¶14. Generally, an action for libel or defamation accrues at the time of the first publication for public consumption, as the public is the custodian of one's reputation. ***Forman v. Mississippi Publishers Corp.***, 195 Miss. 90, 14 So. 2d 344 (1943). In ***Forman***, this Court, discussing what is known today as the "single publication rule," held the following:

> Since the gravamen of the offense is not the knowledge by the plaintiff nor the injury to his feelings but the degrading of reputation, the right accrued as soon as the paper was exhibited to third persons in whom alone such repute is resident.

***Forman***, 195 Miss. at 107, 14 So. 2d at 347 (*citing **McCarlie v. Atkinson***, 77 Miss. 594, 27 So. 641 (1900)).

¶15. In ***Staheli v. Smith***, 548 So. 2d 1299 (Miss. 1989), an exception to the general rule was recognized. Staheli, an engineering professor at the University of Mississippi filed suit against the Dean of the School of Engineering for alleged defamatory material which had been placed in Staheli's tenure file. ***Id.*** at 1300-01. The dean claimed that Staheli was barred by § 15-1-35, citing the general rule that the statute began to run from the date of publication of the allegedly libelous statement to a third person. ***Id.*** at 1302. Staheli argued that the statute should not begin to run until he reasonably, by due diligence, was able to discover that he had been defamed. ***Id.***

¶16. This Court held in ***Staheli*** that:

> We are convinced that the general policies underlying this statute of limitations will not be thwarted by adoption of the discovery rule in that limited class of libel cases in which, because of the secretive or inherently undiscoverable nature of the publication the plaintiff did not know, or with reasonable diligence could not have discovered, that he had been defamed. In such rare instances, we do not believe that a plaintiff can be accused of sleeping on his rights . . . .

***Id.*** at 1303.

¶17. However, in ***Staheli***, we noted a decision issued by the federal district court of Connecticut. *See **L. Cohen & Co. v. Dun & Bradstreet, Inc.***, 629 F. Supp 1425 (D. Conn. 1986). In ***L. Cohen & Co.***, the federal district court found that the Connecticut statute of limitations in defamation actions began to run at the time of the act complained of, not when the plaintiff discovered or reasonably should have discovered

the publication of the allegedly libelous material. We found merit in the federal court's conclusion that there exists a significant difference between limitations statutes establishing accrual of actions "from the date of the act complained of" (like Connecticut's) and others setting a statute of limitations running from the "time the cause of action accrued" (like Mississippi's). We found that it was only in the latter instance that the discovery rule is to be applied.

## MTCA Statute of Limitations

¶18. The Legislature passed into law the MTCA in 1993 to carve out a limited waiver of immunity for the State and its political subunits. Miss. Code Ann. § 11-46-1 *et seq*. (Supp. 1998). The immunity is limited to specific claims confined to a certain period of time with significant limits on the measure of damages that can be recovered. ***Id.***

¶19. The MTCA contains a mandatory notice provision and a one (1) year statute of limitations in § 11-46-11 which reads in relevant part:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity . . . .

> (2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail . . .

> (3) All actions brought under the provisions of this chapter **shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after**; provided, however, that the **filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under provisions of this chapter**, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11 (Supp. 1998) (emphasis added).

¶20. In *City of Jackson v. Lumpkin*, we held that:

> [t]he Legislature elected to waive sovereign immunity to a large extent in the Tort Claims Act statutes, but it saw fit to qualify this waiver with a number of procedural requirements which, it is logical to conclude, must be complied with for this waiver to take effect.

*City of Jackson v. Lumpkin*, 697 So. 2d 1179, 1181 (Miss. 1997).

¶21. In the present case, Merrill argues that the discovery rule exception we applied to the general libel statute of limitations in *Staheli*, should be applied to the statute of limitations in the MTCA as well. We

disagree.

¶22. First, unlike the general defamation statute of limitations found in § 15-1-35 which hinges on the time that cause of action "accrued," the statute of limitations contained in § 11-46-11 of the MTCA sets its accrual on the date of the occurrence.

¶23. The letter was posted at the School on October 2, 1995. Merrill discovered the letter on October 8, 1995. According to the language in § 11-46-11, Merrill's cause of action accrued on "the date of the tortious, wrongful, or other actionable conduct." The statute does not use the language "accrued" as does § 15-1-35. The use of different wording in § 11-46-11 and § 15-1-35 indicates the Legislature's desire to exclude the application of the discovery rule to defamation actions arising under the MTCA.

¶24. Second, the unambiguous wording of § 11-46-11's statute of limitations provision represents the Legislature's clear resolve to strictly limit the State's waiver of sovereign immunity. Section 11-46-11 expressly mandates that the limitations period contained therein "**shall be exclusive** in all actions subject to and brought under the provisions of this chapter . . . ." (emphasis added). In light of such a mandate, it is obvious the Legislature did not intend for the limitations provision in the MTCA to be subordinate to other statutes of limitations or legal doctrines of this State.

¶25. Third, the determination of this issue involves the weighing of two (2) competing policy interests: the right of plaintiffs to recover for injuries suffered and the State's need to limit its damages by the imposition of various procedural strictures. In balancing these policy considerations, the Legislature enacted the MTCA to provide plaintiffs with an opportunity for recovery against the State that previously did not exist. However, the Legislature has limited that recovery in the MTCA by instituting a limit on damages and the notice of claim and one (1) year statute of limitations. These requirements allow the State to budget for its contingencies and limit an otherwise endless scope of liability, while affording plaintiffs a narrow passage through the previously impenetrable wall of sovereign immunity.

¶26. Preventing the discovery rule's application to defamation claims arising under the MTCA will not be unduly burdensome to the rights of plaintiffs. The class of defamation cases involving the State, in which the undiscoverable nature of the libel is unknown to the plaintiff, or with reasonable effort could not have been discovered, will likely to be an extremely limited one. However, unlike *Staheli*, applying the discovery rule to defamation actions under § 11-46-11, even with a small class of plaintiffs, could thwart the purpose of the statute. Conversely, the ability of the State to limit the scope of its liability and budget for the contingency of anticipated litigation will be preserved if the discovery rule is excluded in this instance. Therefore, this Court holds that the discovery rule does not apply to defamation actions arising the MTCA.

¶27. However, it appears from the record that the trial judge, the State and perhaps even Merrill miscalculated the timing of events.

¶28. The letter at issue was posted on October 2, 1995. Merrill filed a proper notice of her claim on October 1, 1996, which was within one (1) year after the date of the actionable conduct. Therefore, the complaint was required to be filed by January 4, 1997, which was 95 days after the filing of the notice. However, as January 4 was a Saturday, Miss. R. Civ. P. 6(a), requires that the final day of the 95-day period be the following Monday. The following Monday was January 6, 1997, the date on which the complaint was filed. Since the letter was posted on October 2, 1995, and the notice of claim was filed October 1, 1996, the complaint was timely filed on January 6, 1997.

¶29. The trial judge and the State miscalculated the timing of the statute of limitations. Thus, this Court holds that Merrill's notice and complaint were timely filed on October 1, 1996, and January 6, 1997, respectively.

## CONCLUSION

¶30. The lower court's denial of the State's motion to dismiss was proper. However, the trial court erred when it applied the discovery rule to the MTCA in this instance. Also, the trial court miscalculated the timing of the events in this case.

¶31. While this Court applied the discovery rule to the general libel statute of limitations in *Staheli*, this case can be distinguished. First, the statute of limitations in § 15-1-35 begins to run on the date that the cause of action accrued. Conversely, the limitations period in § 11-46-11 originates on the date of the wrongful conduct. Second, the unambiguous language used by the Legislature in § 11-46-11 mandates that its statute of limitations is controlling and not subject to any other statutes or legal theories. Third, preventing the application of the discovery rule to defamation actions arising under the MTCA will not be unduly burdensome to this limited class of plaintiffs. To do otherwise would thwart the purpose of the statute. Therefore, this Court holds that the discovery rule does not apply to defamation actions arising under the MTCA.

¶32. However, the trial judge miscalculated the applicable time limits. We find that Merrill's notice of claim and complaint were timely filed. Thus, this case is reversed and remanded for further proceedings consistent with this opinion.

¶33. **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN AND PITTMAN, P.JJ., McRAE AND WALLER, JJ. McRAE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**


**BANKS, JUSTICE, CONCURRING:**


¶34. I join the result reached by the majority. Because this appeal was timely in any event and because the facts of this case differ markedly from those in *Staheli v. Smith,* 548 So. 2d 1299 (Miss. 1989), rendering the application of the principle embraced there to this case problematic at best, I find it unnecessary to decide whether impossibility of discovery would ever excuse failure to comply with the statutory time limit.

**SULLIVAN AND PITTMAN, P.JJ., McRAE AND WALLER, JJ., JOIN THIS OPINION.**


**McRAE, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶35. While I agree with the majority's calculation of days pursuant to § 11-46-11(3) and the relative remand of the case, I must dissent as to the majority's refusal to apply the discovery rule and its relative distinguishing of *Staheli v. Smith*, 548 So. 2d 1299 (Miss. 1989). Statutes of limitations generally are interpreted as subject to a rule of discovery. The citizenry is entitled to bring suit and be sued on such a discovered claim. The State is an institutionalized entity of the citizenry. The State would not exist without citizens to comprise it. Hence, one may reason that the State is nothing more than an artificial citizen acting subject to the wills of the individuals which give it life. Why should we create an exception to the aforementioned general rule of interpretation simply because the State is a party to the discovered lawsuit? We should not.

¶36. Upon careful analysis, one definitively may glean from the record that access to the school campus was denied until October 8, 1995, on which date Merrill "discovered the whereabouts and content of the letter" from her children. The record does not specify if the letter was still posted on October 8. The State has the burden to show that the letter was not posted on such date as the State was responsible for the letter. Hence, the State has failed to meet such burden. If the letter was posted on October 8, and given the State's failure to prove otherwise one may presume that it was so posted, the conduct was ongoing; therefore, October 8 would be a statutorily viable date on which "tortious, wrongful, or otherwise actionable conduct" occurred. *See* § 11-46-11(3).

¶37. Despite the majority's claims otherwise, *Staheli* is not distinguishable. While *Staheli* may have been grounded on statutory language different from that which is at issue here, the premise of secretiveness or undiscoverability is inherent in both cases. Indeed, if the letter was posted on October 8, the issue is not one of the "accrual" language of § 15-1-35 versus the language of § 11-46-11(3), but of the ongoing actionable conduct. It is unreasonable and not balancing to, as stated by the majority, "keep[] the discovery rule out of libel claims arising under the MTCA" when "the Legislature, in [MTCA] § 11-46-11(3), mandates that its statute of limitations is controlling" as to discoverable actionable conduct. Accordingly, while I concur in the result, I dissent as to the majority's refusal to apply the discovery rule to the MTCA. The State is a citizen and should be treated as such.

**SULLIVAN, P.J., JOINS THIS OPINION.**