# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01726-SCT

*MICHAEL K. HENDERSON*

*v.*

*UN-NAMED EMERGENCY ROOM, MADISON COUNTY MEDICAL CENTER, UN-NAMED EMERGENCY ROOM PHYSICIAN AND UN-NAMED EMERGENCY ROOM NURSE*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/23/1998 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ISSAC K. BYRD, JR. |
| | PRECIOUS T. MARTIN |
| ATTORNEYS FOR APPELLEES: | STEPHEN P. KRUGER |
| | JAN F. GADOW |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 04/06/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/27/2000 |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Michael K. Henderson appeals to this Court from an adverse ruling of the Madison County Circuit Court, which granted summary judgment in favor of the Madison County Medical Center (MCMC). Henderson received emergency medical treatment at MCMC on June 1, 1994, and subsequently lost his sight in one eye. On April 21, 1997, he filed suit for medical negligence against MCMC and several unnamed defendants. Subsequent to filing, Henderson requested and was granted additional time to serve the unnamed defendants and to amend his complaint.

¶2. MCMC answered and stated its affirmative defenses and subsequently filed a motion for summary judgment asserting that Henderson failed to comply with the one-year statute of limitations and the 90 day

notice of claim provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 *et seq*. (Supp. 1999). In support of the motion for summary judgment, an affidavit was filed by MCMC stating that it was " . . . a community hospital and a governmental subdivision"; that "[p]rior to the filing of the present lawsuit, [it] never received written notice of the claim"; and that "[It] did not have notice of the claim until the day Henderson served the complaint on MCMC."

¶3. After hearing argument and considering the documents before it, the circuit court granted summary judgment in favor of MCMC finding that the court lacked jurisdiction to hear the matter and that the matter was time-barred. The order directed entry of final judgment as to MCMC, pursuant to M.R.C.P. Rule 54 (b) and dismissed with prejudice Henderson's claim against MCMC. Aggrieved by the trial court's decision, Henderson timely filed his notice of appeal with this Court.

¶4. We find no error in the trial court's judgment, and we therefore affirm.

## STATEMENT OF THE FACTS

¶5. On June 1, 1994, Michael K. Henderson arrived at the MCMC emergency room complaining of a cut to his lip and of seeing dots in his right eye. Dr. Al-Farawati sutured the laceration to the lip and noted that Henderson had sustained a left conjunctival hemorrhage and right eye hematoma. Henderson was told to put ice over the hematoma and was discharged. Almost a year later, on April 11, 1995, Henderson lost the vison in his right eye and was diagnosed by the Ophthalmology Clinic at University Medical Center with a detached retina.

¶6. On April 21, 1997, two years after he lost his vision and almost three years after treatment at MCMC, Henderson filed suit against MCMC and several unnamed defendants, seeking compensatory and punitive damages for negligence in the diagnosing and treatment of his eye injury.

## ISSUE ON APPEAL

## I. THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT TO MADISON COUNTY MEDICAL CENTER; THE HOLDING OF LUMPKIN SHOULD ONLY APPLY PROSPECTIVELY.

## STANDARD OF REVIEW

¶7. The standard for reviewing the granting or denying of summary judgment is the same standard as is employed by a trial court under Miss. R. Civ. P. 56(c). This Court conducts de novo review of orders granting or denying summary judgment and examines all the evidentiary matters before it---admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt. *McCullough v. Cook*, 679 So. 2d 627, 630 (Miss.1996).

¶8. This Court will not reverse the lower court's decision unless it appears that triable issues of fact remain when the facts are viewed in the light most favorable to the nonmoving party. *Robinson v. Singing River Hosp. Sys.*, 732 So. 2d 204, 207 (Miss. 1999). The summary judgment motion is the only pretrial motion

which allows the Court to "go behind the pleadings" and consider evidence such as admissions, answers to interrogatories, depositions, and affidavits. *Lattimore v. City of Laurel*, 735 So.2d 400, 402 (Miss. 1999). If this examination indicates there is no genuine issue of material fact, the moving party is entitled to a judgment as a matter of law. *Id*. (citing *Newell v. Hinton*, 556 So.2d 1037, 1041-42 (Miss.1990)).

¶9. While the motion for summary judgment is designed to expose "sham" claims and defenses, it should not be used to circumvent a trial on the merits where there are genuine issues of material fact. M.R.C.P. 56 cmt.; *Lattimore* at 401. The party opposing the motion must be diligent and may not rest upon allegations or denials in the pleadings but must by allegations or denials set forth specific facts showing that there are indeed genuine issues for trial. *Richmond v. Benchmark Constr. Corp*., 692 So.2d 60, 61 (Miss. 1997). In other words, "when a motion for summary judgment is filed, the nonmoving party 'must rebut by producing significant probative evidence showing that there are indeed genuine issues for trial.'" *Foster v. Noel*, 715 So.2d 174, 180 (Miss. 1998).

## ANALYSIS

¶10. Henderson admits, and there is no dispute about, all dates mentioned in the statement of facts, *supra*. He asserts that *City of Jackson v. Lumpkin*, 697 So. 2d 1179 (Miss. 1997), cited by MCMC, was decided after the alleged negligence which was the basis for his suit and that *Lumpkin* should apply prospectively only, so as not to bar his claim. In *Lumpkin*, this Court held that the statutory notice requirements under §11-46-11 must be strictly followed, finding that notice to the City's claims department, rather than the City's chief executive officer denied the circuit court of jurisdiction over the claim. *Lumpkin*, 697 So.2d at 1181. *Lumpkin* has since been overruled to the extent that we have adopted the substantial compliance standard with regard to notice. *See Carr v. Town of Shubuta*, 733 So.2d 261 (Miss. 1999).

¶11. The trial court granted summary judgment in favor of MCMC based on Henderson's failure to comply with the Mississippi Tort Claims Act's one year statute of limitations and its 90 day notice of claim requirement. Henderson states that before the ruling in *Lumpkin*, "an injured person could rely upon the two-year statute of limitations to bring a medical negligence claim, pursuant to Miss. Code Ann. §15-1-36." He further argues that before the ruling in *Lumpkin*, the intent of Miss. Code Ann. §11-46-1, et seq., was unclear and that *Lumpkin* should, therefore, not be applied retroactively. Henderson's reliance on *Lumpkin* is misplaced.

¶12. MCMC is a political subdivision as defined in Miss. Code Ann. §11-46-1(i), and all tort claims against MCMC which arose after 1993 are governed exclusively by the Mississippi Tort Claims Act. In determining the time frame in which actions alleging tortious, wrongful or otherwise actionable conduct against MCMC must be brought, Miss. Code Ann. §11-46-11(3), which states that it applies to all actions against governmental entities under the Mississippi Tort Claims Act, regardless of any other statutes of limitations that would otherwise apply, is the correct statute to apply.

¶13. Miss. Code Ann. § 11-46-11, as it existed from its enactment in 1993 until amended March 25, 1999, and thus applies to Henderson's claim, reads in pertinent part:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, **however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief**

**executive officer of the governmental entity** and, if the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

(2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

(3) **All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.**

(emphasis added).

¶14. In ***Barnes***, this Court addressed a similar issue when Barnes argued that medical malpractice actions against hospitals should be governed by the two-year statute of limitations under §15-1-36(1). This Court found §11-46-11(3) controlling.

> The Barneses next encourage this Court to find that medical malpractice actions against hospitals should be governed by Mississippi's two-year medical malpractice statute of limitations, § 15-1-36(1), instead of § 11-46-11(3), setting the statute of limitations for actions against state agencies at one year. The language of § 11-46-11(3) defeats the Barneses' argument on this point. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter. Miss.Code Ann. § 11-46-11(3) (Supp.1998) (emphasis added). The Mississippi Legislature has conclusively stated that the one-year statute of limitations set out in § 11-46-11(3) applies to all actions against governmental entities under the Mississippi Tort Claims Act, regardless of any other statutes of limitations that would otherwise apply. We therefore find that § 11-46-11(3), and not § 15-1-36, applies in this case.

*Barnes v. Singing River Hosp. Sys.*, 733 So.2d 199, 202 (Miss. 1999). This Court has also addressed this issue in ***Chamberlin*** where the following was argued:

> The appellants argue that Miss.Code Ann. § 15-1-49, the general three-year statute of limitations, applies to the case at bar. For the reasons before stated, this Court holds that § 11-46-3 sets forth

the intent of the Legislature that the State and its political subdivisions be immune from liability beginning April 1, 1993. Therefore, since the event giving rise to this cause of action occurred April 25, 1993, clearly after the Act went into effect, § 11-46-3 and not § 15-1-49 governs the case now before this Court.

*Chamberlin v. City of Hernando*, 716 So.2d 596, 600 (Miss. 1998).

¶15. The record reveals, and Henderson does not dispute, that MCMC is a community hospital and a governmental subdivision of the State of Mississippi. The Mississippi Tort Claims Act provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit. Miss. Code Ann. § 11-46-7(1)(Supp. 1999). The following facts were not disputed: (1) the initial treatment occurred on June 1, 1994; (2) Henderson lost his vision on April 11, 1995; (3) further treatment, which alleged that the lost vision was due to a detached retina resulting from the initial injury, occurred on April 21, 1995; and (4) Henderson filed his complaint on April 21, 1997. Henderson's argument that this Court's decision in *City of Jackson v. Lumpkin*, 697 So. 2d 1179 (Miss. 1997), regarding the notice and one year limitation period, is inapplicable. Henderson's argument that before the ruling in *Lumpkin* the intent of Miss. Code Ann. § 11-46-1, et seq., was unclear and that an injured person could rely upon the two-year statute of limitations provided in a negligence claim pursuant to Miss. Code Ann. §15-1-36, is also inapt. The MTCA and the existing statute of limitations for MTCA were already established and in place before the decision in *Lumpkin*. *Barnes* at 202. Our holding in *Lumpkin* did not change the fact that the statute of limitations for claims under MTCA is one year.

¶16. The record reveals that the present appeal involves a simple case of non-compliance with the notice requirements of Miss. Code Ann. § 11-46-11. For the reasons stated, this Court holds that § 11-46-1 et seq., applies to the case at bar since the event giving rise to this cause of action occurred on June 1, 1994, clearly after the Act went into effect. The lawsuit was not filed until April 21, 1997, well past the one year statute of limitations requirement. Even using the date on which Henderson alleges that he found out what caused the loss of vision, April 21, 1995, the one year requirement has not been met. In *Barnes*, this Court incorporated a discovery rule in actions brought under the Mississippi Tort Claims Act involving latent injuries and held that "considering the short, one- year statute of limitations period in § 11-46-11(3), we find that justice is best served by applying a discovery standard to such cases." *Barnes* at 206. Thus, in cases where "the patient is aware of his injury prior to the [expiration of the limitations period], but does not discover and could not have discovered with reasonable diligence the act or omission which caused the injury," . . . "the action does not accrue until the latter discovery is made." *Id*.

¶17. The MTCA requires that a plaintiff filing a claim against a governmental entity must file a notice of claim with the chief executive officer of the governmental entity ninety days before filing the compliant. Miss. Code Ann. § 11-46-11. There is no indication in the record that Henderson was misled as to when he should file his claim. The action was not timely commenced; and therefore, the trial court did not err in granting summary judgment to MCMC.

## CONCLUSION

¶18. Henderson's complaint and action against MCMC are time barred by the MTCA statute of limitations. Additionally, the trial court lacked jurisdiction because Henderson failed to comply with the notice provisions of the MTCA. The Madison County Circuit Court's summary judgment in favor of MCMC is affirmed.

¶19. **AFFIRMED.**

**PRATHER, C.J., BANKS, P.J., SMITH, MILLS, WALLER AND DIAZ, JJ., CONCUR. PITTMAN, P.J., CONCURS IN RESULT ONLY. McRAE, J., NOT PARTICIPATING.**