737 So.2d 1019 (1998)
Andrew WATTS, Jr., a minor By and Through His Father and Natural Guardian, Andrew WATTS, Sr., Appellant,
v.
LAFAYETTE COUNTY SCHOOL DISTRICT, Appellee.
No. 97-CA-01089 COA.
Court of Appeals of Mississippi.
December 8, 1998.
*1020 Arthur McIntosh, Oxford, for Appellant.
Martha Bost Stegal, for Appellee.
Before THOMAS, P.J., and DIAZ and SOUTHWICK, JJ.
DIAZ, J., for the Court:
¶ 1. Andrew Watts, Jr., a minor, by and through his father and natural guardian, Andrew Watts, Sr., appeals the decision of the Lafayette County Circuit Court granting summary judgment to the Lafayette County School District in his personal injury case. Andrew Watts raises the following issues in his appeal: (1) whether filing notice with the insurer of the governmental entity meets the notice requirements of Miss.Code Ann. § 11-46-11 and (2) whether the standard for compliance under Miss. Code Ann. § 11-46-11 should be substantial compliance and not strict compliance. Since we affirm the decision of the circuit court with regard to the strict compliance standard requirements of Miss.Code Ann. § 11-46-11, our affirmance precludes review of the second issue presented for appeal.

FACTS
¶ 2. Andrew Watts, Jr., the appellant, was injured in a playground accident at school during recess in September of 1995. A few days later his parents were contacted by a representative of the school's liability insurance administrator, who gave them, inter alia, a claim number to use for future reference.
¶ 3. Approximately three weeks after the accident, the appellant's attorney furnished written notice of the claim to the insurance administrator who responded with a statement that he accepted notice on behalf of his client.
¶ 4. The appellant filed a complaint in July of 1996. The appellant alleged that his injuries were proximately caused by inadequate supervision by employees of the school district and by negligent maintenance of the area of the school grounds in which he was injured. Thereafter, in August of 1997, the trial judge granted a defense motion for a judgment on the pleadings based on the appellant's failure to provide written notice to the executive officer of the school district as provided in Miss.Code Ann. § 11-46-11. Feeling aggrieved, Andrew Watts perfects this appeal.

DISCUSSION
¶ 5. The Mississippi Tort Claims Act, Miss.Code Ann. § 11-46-7 governs all *1021 lawsuits against the State, its political subdivisions and their employees. School districts fall under the Act's definition of political subdivision. Miss.Code Ann. § 11-46-7(1). Therefore, this lawsuit is governed by the clear and unambiguous provisions of the Act. As stated in § 11-46-7(1):
The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.
(emphasis added).
¶ 6. Before a lawsuit may be properly filed, the claimant must first serve the governmental entity with a notice of claim. Miss.Code Ann. § 11-46-11(1). This section states as follows:
After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity....
Id. (emphasis added).
¶ 7. The Mississippi Supreme Court has addressed the issue of compliance with the notice of claim requirement of the Act and clarified that strict compliance is required. City of Jackson v. Lumpkin, 697 So.2d 1179, 1181 (Miss. 1997). In Lumpkin, the court upheld the dismissal of a lawsuit for failure to strictly comply with the statutory provisions of § 11-46-11 and specifically noted that the communication by the plaintiff with the insurance company's claims department was insufficient to constitute notice. Id. Furthermore, in Carpenter v. Dawson, 701 So.2d 806, 807(¶ 4) (Miss.1997), the court affirmed the dismissal of a lawsuit by summary judgment for failure to strictly comply with the requirements of § 11-46-11. The Lumpkin court further noted that:
[t]he Legislature elected to waive sovereign immunity to a large extent in the Tort Claims Act statutes, but it saw fit to qualify this waiver with a number of procedural requirements which, it is logical to conclude, must be complied with for this waiver to take effect.
Lumpkin, 697 So.2d at 1181. A judicial determination of the construction of a statute is appropriate to determine the purpose and policy of the Legislature. Evans v. Boyle Flying Service, Inc. 680 So. 2d 821, 825 (Miss.1996). However, an "unwise purpose will not be imputed to the Legislature when a reasonable construction is possible." Id.
¶ 8. The case sub judice, like Lumpkin and Carpenter, presents a straightforward case of noncompliance with the notice requirements of § 11-46-11. Like the plaintiffs in those cases, Andrew Watts maintained communication only with the insurance carrier of the defendanat political subdivision. He did not file a notice of claim with the superintendent of the school district which is required under the strict compliance standard of § 11-46-11. Andrew Watts's letter to the insurance carrier did not constitute strict compliance with the Act, and therefore it did not satisfy the notice requirements of § 11-46-11. Although Andrew Watts urges this Court to adopt a substantial compliance standard instead of strict compliance, statutory construction is appropriate only in circumstances where the statute is ambiguous. *1022 The holdings of the Mississippi Supreme Court in Lumpkin and Carpenter, the clear language of § 11-46-11, and Andrew Watts's undisputed failure to strictly comply with the notice of claim requirement, mandated the dismissal or his lawsuit. Accordingly, we affirm the trial court's order.
¶ 9. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, HERRING, HINKEBEIN, KING and SOUTHWICK, JJ., concur.
PAYNE, J., concurs with separate written opinion, joined by DIAZ, J.
PAYNE, J., concurring:
¶ 10. With great reluctance, I concur with the result of this decision only because the majority unequivocally delineates the present state of the law on this subject. However, I would call upon the legislature to either (1) require insurers who have notice of claims to disclose to claimants the necessary requirements of the statute or (2) sponsor a massive educational campaign to the general public about claimant procedures. This rigid adherence to a punitive methodology gives a benefit with one hand and takes it away with the other. Surely, this was not the intent of the legislature in trying to provide remedies for injuries caused by negligence of public entities.
¶ 11. DIAZ, J., joins this separate written opinion.