IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CA-01048-SCT

*ANDREW LEE HOLMES*

*v.*

*LLOYD DEFER, INDIVIDUALLY, AND IN HIS
CAPACITY AS SHERIFF OF YALOBUSHA COUNTY,
M. H. SURRETTE, FREDDIE WINTERS, HENRY D.
GRAY, AMOS SIMS AND BILL MEMINN,
INDIVIDUALLY, AND IN THEIR CAPACITIES AS
COUNTY COUNCILPERSONS AND AS
SUPERVISORS OF YALOBUSHA COUNTY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/25/97 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | YALOBUSHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRIAN H. NEELY |
| ATTORNEYS FOR APPELLEES: | GRADY F. TOLLISON, JR. |
| | SAM N. FONDA |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 10/22/1998 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/12/98 |

**BEFORE PITTMAN, P.J., ROBERTS AND SMITH, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1. The Appellant, Andrew Lee Holmes (hereinafter "Holmes"), filed suit against the Appellee, Yalobusha County Sheriff Lloyd Defer (hereinafter "Defer"), along with M.H. Surrette, Freddie Winters, Henry D. Gray, Amos Sims, and Bill McMinn, the Supervisors of Yalobusha County, Mississippi. The action was brought in the Second Judicial District of Yalobusha County, Mississippi, on September 30, 1996. Each of the defendants were sued individually and in their official capacities.

¶2. Holmes' complaint alleged that on October 5, 1995, Sheriff Defer came to the home of William Holmes, Holmes' father, responding to a call for help, where Defer wrongfully shot and injured Andrew Lee Holmes "for no apparent reason." The complaint, which sought actual and punitive

damages for Holmes' injuries, also asserted that the Yalobusha County Board of Supervisors was negligent in its training and supervision of the Sheriff's Department.

¶3. The defendant Supervisors and Sheriff Defer filed separate answers, denying any liability for Holmes' injuries as Sheriff Defer was acting in the self-defense of himself and others. Also, the defendants affirmatively pled that Holmes failed to file the requisite statutory notice of his claim within the ninety (90) day period mandated by Miss. Code Ann. § 11-46-11, a part of the Mississippi Tort Claims Act (hereinafter "MTCA").

¶4. On November 21, 1996, the Supervisors were dismissed without prejudice from the suit pursuant to the entry of an agreed order.

¶5. On May 9, 1997, the only remaining defendant, Sheriff Defer, filed a motion for summary judgment pursuant to M.R.C.P. 56. Sheriff Defer's motion argued that there was no genuine issue of material fact since he was acting in the scope and course of his duty as Sheriff, and that Holmes failed to give the requisite notice of his claim mandated by § 11-46-11.

¶6. On May 13, 1997, Sheriff Defer moved the court to compel Holmes to answer some outstanding discovery requests that were issued to Holmes in January of 1997. Defer further moved the court to issue sanctions pursuant to M.R.C.P. 11.

¶7. A hearing was held on these motions on June 16, 1997. The Circuit Court denied Defer's motion for Rule 11 sanctions. However, the court granted Defer's motion for summary judgment, finding that Holmes had failed to give the statutorily required ninety (90) days notice as prescribed in Miss. Code Ann. § 11-46-11. An order to that effect was entered by the court on June 25, 1997.

¶8. On July 14, 1997, Holmes filed a notice of appeal from the entry of the order granting Defer's motion for summary judgment. On appeal, Holmes raises the following points of error:

**I. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE BASIS OF FAILURE TO PROVIDE STATUTORY NOTICE TO THE LOCAL GOVERNMENTAL UNIT AS REQUIRED BY MISS. CODE. ANN. SECTION 11-46-11.**

**II. SHERIFF DEFER WAS NOT ACTING IN THE SCOPE OF HIS EMPLOYMENT SO NOTICE WAS NOT REQUIRED AND SUMMARY JUDGMENT WAS IMPROPER.**

**III. SHERIFF DEFER IS BARRED FROM EXERCISING A DEFENSE UNDER SECTION 11-46-11 SINCE HE HAD COMPLETE AND ACTUAL NOTICE OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE LAWSUIT.**

**IV. SECTION 11-46-11 STATES THAT NOTICE IS REQUIRED SOLELY TO THE LOCAL GOVERNMENTAL UNIT WHICH IS BEING SUED AND NOT TO THE INDIVIDUAL TORTFEASOR.**

**V. MISS. CODE ANN. SECTION 11-46-11 IS VOID FOR VAGUENESS AND OVERBREADTH AND THE TRIAL COURT ERRED IN USING IT AS A BASIS FOR**

**GRANTING SUMMARY JUDGMENT.**

**VI. SECTION 11-46-11 VIOLATES THE DUE PROCESS AND EQUAL PROTECTION CLAUSES AND IS VOID FOR VAGUENESS AND OVERBREADTH IN THAT THE STATUTE MAKES NO PROVISION FOR ACKNOWLEDGMENT OR RESPONSE BY THE LOCAL GOVERNMENTAL UNIT OF RECEIPT OF THE STATUTORY NOTICE.**

¶9. This Court holds that the trial court's grant of summary judgment was proper. On the evening of October 5, 1996, Yalobusha County Sheriff, Lloyd Defer, was acting in his official capacity when he responded to an emergency call at the home of William Holmes and eventually shot Andrew Lee Holmes. Accordingly, Holmes was required to file proper § 11-46-11 notice with the Yalobusha County Board of Supervisors ninety (90) days prior to filing his personal injury suit. Holmes failed to do so. As a result, the trial judge properly followed the mandate of § 11-46-11 and entered summary judgment in favor of Sheriff Defer**.** The decision of the lower court is affirmed.

## STATEMENT OF FACTS

¶10. On the evening of October 5, 1995, the Yalobusha County Sheriff"s Department received an emergency call requesting police assistance at the residence of William Holmes, the father of Andrew Lee Holmes, on Pinehill Road in Yalobusha County, Mississippi. The Sheriff's Department was informed that a stabbing had occurred at the residence and that an ambulance was en route.

¶11. Responding to this call, Sheriff Defer called for backup from the Water Valley Police Department and then proceeded to the Holmes residence. When Sheriff Defer arrived at the home of William Holmes, the ambulance was already there and two Water Valley policemen, William Sheffield and Ray Hawkins, appeared soon thereafter.

¶12. According to the affidavits of Sheriff Defer, Officer Sheffield and Officer Hawkins, upon entering the house, the officers found the Appellant, Holmes, sitting on a couch in the living room with two knives sitting on the table in front of him and saw blood on the floor. Holmes had a history of mental illness and violence of which Sheriff Defer was aware.

¶13. William Holmes and Marvin Holmes, the Appellant's brother (who had allegedly been stabbed by Andrew Lee Holmes), had barricaded themselves in a back room. The alleged stabbing victim, Marvin Holmes, was coaxed out of the room and taken to the waiting ambulance.

¶14. Andrew Lee Holmes picked up a couple of knives and returned to the couch. According to Officer Hawkins, Holmes was asked repeatedly to put the knives down and go with Sheriff Defer. Holmes insisted he was not going to jail and if they wanted him to go they were going to have to kill him.

¶15. Officer Hawkins claimed that after throwing a lamp at Sheriff Defer, and breaking several other items in the house, Holmes began to walk towards Hawkins and Defer with a knife. Holmes was ordered to stop and put down the knife several times. When Holmes refused to obey and was within three (3) to four (4) feet of the policemen, Sheriff Defer fired one round from his pistol, striking Holmes in the abdomen.

¶16. Holmes testified that Sheriff Defer shot him for no apparent reason. Holmes asserted that he was unarmed and offered no threat of violence or resistance to the policemen.

¶17. Holmes was transported to Baptist Memorial Hospital in Oxford, Mississippi, and after undergoing surgery, eventually recovered.

¶18. As a result of the shooting incident, Holmes filed a personal injury action on September 30, 1996. The complaint was filed against Sheriff Defer, individually and in his official capacity as Sheriff, and also named the members of the Yalobusha County Board of Supervisors. The Board of Supervisors were dismissed from the present case by an agreed Order. Sheriff Defer filed a motion for summary judgment which was granted by the trial judge on June 25, 1997 for Holmes' failure to file timely § 11-46-11 notice as prescribed by the MTCA. Aggrieved by the trial court's ruling, Holmes appeals to this Court.

## DISCUSSION OF THE ISSUES

**I. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE BASIS OF FAILURE TO PROVIDE STATUTORY NOTICE TO THE LOCAL GOVERNMENTAL UNIT AS REQUIRED BY MISS. CODE. ANN. SECTION 11-46-11.**

**II. SHERIFF DEFER WAS NOT ACTING IN THE SCOPE OF HIS EMPLOYMENT SO NOTICE WAS NOT REQUIRED AND SUMMARY JUDGMENT WAS IMPROPER**.

¶19. The first two assignments of error presented by the Appellant, Andrew Lee Holmes, can be considered jointly as each involves essentially the same issues.

¶20. Holmes argues that Sheriff Defer was not acting in an official capacity when he shot Holmes and was thus not an employee of the State and not subject to the notice requirement mandated by § 11-46-11. As a result, Holmes contends that the trial court's grant of summary judgment for failure to meet the notice requirement was improper.

¶21. The MTCA was enacted in 1993 to create a limited waiver of immunity for the State and its political subdivisions. *See* Miss. Code Ann. § 11-46-1 *et seq.* (Supp. 1998). The immunity is designated for specific claims within a fixed period of time with a substantial limitation on the amount of damages a plaintiff can recover. ***Id.***

¶22. One of the procedural strictures contained in the MTCA is the notice requirement in § 11-46-11. Section 11-46-11 reads in part:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity **or its employee** shall proceed as he might in any action at law or in equity; provided, however that **ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity**. . .

(2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all the persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time filing the notice.

Miss. Code Ann. § 11-46-11(1) and (2) (Supp. 1998) (emphasis added).

¶23. This Court recently affirmed the validity of the § 11-46-11 notice requirement in *City of Jackson v. Lumpkin*, 697 So. 2d 1179 (Miss. 1997). In *Lumpkin*, a motorist sued a City of Jackson police officer for injuries that resulted from an automobile accident allegedly caused by the officer's negligent driving. This Court vacated the trial court's judgment in favor of the plaintiff and dismissed the cause finding that the plaintiff had failed to comply with the notice requirement in § 11-46-11. *Lumpkin*, 697 So. 2d at 1182.

¶24. In *Lumpkin* we held that:

In the view of this Court, the present appeal therefore involves a rather straightforward case of non-compliance with the notice requirements of § 11-46-11. . . . The Legislature elected to waive sovereign immunity to a large extent in the Tort Claims Act statutes, but it saw fit to qualify this waiver with a number of procedural requirements which, it is logical to conclude, must be complied with for this waiver to take effect.

There are a number of valid reasons why the Legislature would require that the Chief Executive Officer of a governmental entity be given advance notice of planned litigation against it, and the Legislature saw fit to implement specific and detailed requirements for the granting of this notice.

*City of Jackson v. Lumpkin*, 697 So. 2d at 1181 (Miss. 1997).

¶25. In the present case, Holmes argues that this notice requirement was improperly applied to Sheriff Defer because he was not acting in his official capacity when he shot Holmes. We disagree.

¶26. Section 11-46-5 of the MTCA reads in part:

(2) For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment. . .if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.

(3) For the purposes of this chapter and not otherwise, it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment.

Miss. Code Ann. § 11-46-5 (Supp. 1998).

¶27. Holmes fails to offer any evidence to suggest that Sheriff Defer was not acting as an employee

of Yalobusha County, a political subdivision of the State of Mississippi. Holmes' argument is solely based on the fact that Defer was named individually in the complaint.

¶28. Conversely, there is a wealth of evidence in the record to reflect that Defer was acting in his official capacity as Sheriff of Yalobusha County when he went to the residence of William Holmes on the evening of October 5, 1995. As the highest ranking law enforcement officer in the county, Sheriff Defer is charged with the duty to keep the peace in the county. Miss. Code Ann. § 19-25-67 (1995). When the emergency call came to the Sheriff's office on that October night requesting police assistance, Sheriff Defer was bound by law to respond. Traveling to the home of William Holmes to quell a potentially violent situation is precisely the type of action required of an officer of the law in the scope of his employment.

¶29. Since Sheriff Defer was clearly an employee of the State, this Court finds that the notice requirement in § 11-46-11 clearly applies. As a result, Holmes' failure to provide notice pursuant to the statutory mandate is fatal to his claim. Thus, the trial court acted properly when it granted Sheriff Defer's motion for summary judgment. These claims are without merit and accordingly denied.

### III. SHERIFF DEFER IS BARRED FROM EXERCISING A DEFENSE UNDER SECTION 11-46-11 SINCE HE HAD COMPLETE AND ACTUAL NOTICE OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE LAWSUIT.

¶30. Section 11-46-11, *supra*, requires written notice to the chief executive officer of the governmental entity against which a claim is being brought. In this case, no written notice was provided prior to the bringing of this claim. Additionally, as this complaint involved Yalobusha County, its chief executive officer is the Board of Supervisors, not the Sheriff.

¶31. The Board of Supervisors never received written notice prior to the filing of the complaint. Further, the Sheriff's actual notice of the circumstances surrounding the suit is irrelevant. There is no provision in the statute for actual or constructive notice, but a requirement of written notice is expressly stated. As this Court held in *Lumpkin*, *supra*, the notice requirements must be strictly followed. Therefore, this claim is without merit.

### IV. SECTION 11-46-11 STATES THAT NOTICE IS REQUIRED SOLELY TO THE LOCAL GOVERNMENTAL UNIT WHICH IS BEING SUED AND NOT TO THE INDIVIDUAL TORTFEASOR.

¶32. As discussed above in issues I and II, Sheriff Defer was not acting individually, but within the course and scope of his employment as a duly elected official of Yalobusha County, Mississippi. Notice of Holmes' complaint was therefore required to be given to the Yalobusha County Board of Supervisors. However, Holmes failed to comply with this explicit statutory requirement. As a result, this claim is not actionable and is dismissed.

### V. MISS. CODE ANN. SECTION 11-46-11 IS VOID FOR VAGUENESS AND OVERBREADTH AND THE TRIAL COURT ERRED IN USING IT AS A BASIS FOR GRANTING SUMMARY JUDGMENT.

### VI. SECTION 11-46-11 VIOLATES THE DUE PROCESS AND EQUAL

**PROTECTION CLAUSES AND IS VOID FOR VAGUENESS AND OVERBREADTH IN THAT THE STATUTE MAKES NO PROVISION FOR ACKNOWLEDGMENT OR RESPONSE BY THE LOCAL GOVERNMENTAL UNIT OF RECEIPT OF THE STATUTORY NOTICE.**

¶33. This Court finds that it is unnecessary to consider the remainder of Holmes' claims. We have already affirmed the constitutionality of the notice requirement in § 11-46-11 of the MTCA in *Lumpkin*, *supra*.

## CONCLUSION

¶34. The lower court's grant of Sheriff Lloyd Defer's motion for summary judgment was proper. Acting in his official capacity, Sheriff Defer responded to a call at the residence of William Holmes. Andrew Lee Holmes believed that the Sheriff wrongfully shot him. However, Holmes failed to give ninety (90) days notice to the Yalobusha County Board of Supervisors before filing his complaint as required by § 11-46-11. As a result, the trial judge had no choice but to grant Sheriff Defer's motion for summary judgment. Finally, this Court has held and continues to hold that the MTCA, and specifically § 11-46-11, is constitutional. Thus, the decision of the lower court is affirmed.

¶35. **JUDGMENT IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., NOT PARTICIPATING.**