## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 98-CA-00756-SCT

*BARBARA DOUGLAS*

*v.*

*RICKY BLACKMON; DR. JAYNE B. SARGENT, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS SUPERINTENDENT, JACKSON PUBLIC SCHOOL DISTRICT; DORIS G. BRIDGEMAN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE BOARD, JACKSON PUBLIC SCHOOL DISTRICT; LYNN EVANS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS VICE-PRESIDENT OF THE BOARD, JACKSON PUBLIC SCHOOL DISTRICT; DR. ACIE WHITLOCK, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SECRETARY OF BOARD, JACKSON PUBLIC SCHOOL DISTRICT; MRS. LEE HARPER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS MEMBER OF THE BOARD, JACKSON PUBLIC SCHOOL DISTRICT*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/1998 |
| TRIAL JUDGE: | HON. ROBERT L. GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ISAAC K. BYRD, JR. |
| | KATRINA M. GIBBS |
| | ROBERT G. CLARK, III |
| ATTORNEYS FOR APPELLEES: | JANET McMURTRAY |
| | HARVEY L. FISER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 05/18/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/8/2000 |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. On August 12, 1996, Barbara Douglas ("Douglas") was operating a 1987 Cadillac automobile in a westerly direction on Woodrow Wilson Drive in Jackson, Hinds County, Mississippi. Ricky Blackmon ("Blackmon") was an employee of the Jackson Public School system. On that particular day, Blackmon was operating a Ford van, owned by the school district, in an easterly direction on Woodrow Wilson Boulevard. Douglas alleges that as she and the van approached each other, the van suddenly swerved across the center line crashing into the driver's side of her vehicle. As a result, Douglas sustained severe injuries to her face, neck, forehead, back and other parts of her body. Her vehicle also sustained heavy

damage. Blackmon was acting within the course and scope of his employment at the time of the accident.

¶2. According to Douglas's brief, on August 21, 1996, Douglas's counsel mailed a letter to Don Leisering, an adjuster for Coregis Insurance Company ("Coregis"). Coregis insures the Jackson Public School District. In that letter, Leisering was informed that Douglas was being represented for the personal injuries and property damage resulting from the collision with Blackmon.

¶3. On October 10, 1997, 1 year and 59 days after the accident, Douglas filed her complaint against Blackmon and the JPS Superintendent and Board of Trustees (collectively "Blackmon"). Blackmon responded by filing a motion to dismiss or in the alternative a motion for summary judgment. The bases for the motion were (1) that the lawsuit was barred by the one-year statute of limitations contained in the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-11(1); and (2) that Douglas failed to give notice to the Superintendent of Jackson Public Schools within 90 days prior to filing the lawsuit as specified in the Act. On January 30, 1998, the Circuit Court of Hinds County conducted a hearing, and the court granted the motion to dismiss. Aggrieved by the lower court's decision, Douglas timely filed this appeal.

## STATEMENT OF LAW

### I.

### WHETHER DOUGLAS COMPLIED WITH THE NOTICE PROVISION OF THE MISSISSIPPI TORT CLAIMS ACT, MISS. CODE ANN. § 11-46-11

¶4. Since issues I and III are essentially the same, both issues will be addressed together. Douglas contends that she substantially complied with the notice provisions of the Mississippi Tort Claims Act, asserting that her counsel had numerous oral and written contacts with Coregis in an effort to settle this matter prior to litigation. Blackmon, however, argues that the contact between Douglas and Coregis was not sufficient to constitute substantial compliance. Blackmon also asserts that Douglas is barred from raising the substantial compliance issue upon appeal since it was not raised at the trial court level.

¶5. The Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11(1), states in relevant part as follows:

> any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11(3) further provides that claims against governmental entities must be filed within one year of the date of the actionable conduct, but filing the notice of claim tolls the statute of limitations for ninety-five days.

¶6. After enactment of Miss. Code Ann. § 11-46-11, this Court adopted and enforced a strict compliance standard with respect to the notice of claims requirement of the Tort Claims Act. *City of Jackson v. Lumpkin*, 697 So. 2d 1179 (Miss. 1997). See *Holmes v. Defer*, 722 So. 2d 624 (Miss. 1998); *Carpenter v. Dawson*, 701 So. 2d 806 (Miss. 1997). However, in *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237 (Miss. 1998), we announced a new rule requiring only substantial compliance with the notice provisions of the Act. Likewise, in *Carr v. Town of Shubuta*, 733 So. 2d 261, 263 & 266 (Miss. 1999), we cited with approval the decision in *Reaves* adopting the substantial compliance standard and

overruled *[Lumpkin]*, *[Carpenter]* and *[Holmes]*. In *[Carr]*, this Court stated:

> Even though this Court now finds substantial compliance to be sufficient, we stress that substantial compliance is not the same as, nor a substitute for, non-compliance. The determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an *ad hoc* basis.

*Id.* at 265. Douglas acknowledges she did not strictly comply with the notice requirement. Accordingly, we must address whether Douglas substantially complied with the notice requirement of the Act.

¶7. In the present case, the accident occurred on August 12, 1996, and Douglas obtained counsel on August 20, 1996. According to Douglas's brief, her counsel mailed a letter, dated August 21, 1996, to Coregis advising that Douglas was being represented for personal injuries and property damage resulting from Blackmon's negligent operation of a vehicle owned by the school district. Douglas further alleges in her brief that extensive negotiations were conducted over the following year with the school district's insurer. Douglas alleges that on October 29, 1996, Coregis sent a letter wherein it stated "[it] would appreciate being kept up to date with her current condition and to receive copies of medical bills and reports." Finally, by way of her brief, Douglas asserts that she provided an extensive settlement brochure was to Coregis. Douglas contends that Coregis continually gave the impression it was willing to settle, and the only issue in dispute was the amount of settlement. However, there is absolutely no evidence in the record of any correspondence between Douglas and Coregis, other than the unsupported assertions made in Douglas's brief.

¶8. Blackmon argues the absence of evidence in the record to support Douglas's assertions, along with the fact Blackmon failed to raise the substantial compliance issue at trial level, procedurally bars Douglas from raising this new issue on appeal. We disagree. Although the trial court correctly applied the strict compliance standard when it granted Blackmon's motion to dismiss, the law has since changed and is now substantial compliance. Since the standard in effect was strict compliance at the time the motion to dismiss granted, this Court finds the parties had no reason to include in the record evidence of correspondence between the attorneys and Coregis. Accordingly, this Court reverses and remands this case to the Hinds County Circuit Court for a determination of whether Douglas substantially complied with the notice requirement of the Act. Furthermore, both parties shall be allowed to supplement the record with any additional evidence needed to prove or disprove that substantial compliance occurred.

## II.

### WHETHER THE SCHOOL DISTRICT AND ITS INSURER ARE ESTOPPED FROM ASSERTING COMPLIANCE WITH MISS. CODE ANN. § 11-46-11

¶9. Douglas asserts that the school district and the insurer should be estopped from asserting that she failed to comply with the notice requirement. Douglas, however, raises this issue for the first time upon appeal. "This Court simply refuses to review any allegation of error which is unsupported by the record." *Vinson v. Johnson*, 493 So. 2d 947, 950 (Miss. 1986). Consequently, the estoppel issue is procedurally barred from our review. Although this Court need not look any further after finding a procedural bar, we will briefly address the issue raised before us.

¶10. In *[Mississippi Dep't of Pub. Safety v. Stringer]*, 748 So. 2d 662, 667 (Miss. 1999), this Court held

that good faith settlement negotiations alone are not sufficient to waive the statute of limitations. "Additionally, while inequitable or fraudulent conduct does not have to be established to estop an assertion of an inadequate notice of claim defense, inequitable or fraudulent conduct *must* be established to estop a party from asserting a statute of limitations defense." *Id.* at 665 (emphasis in original).

¶11. "We need not rely on inferences and suppositions to fill in the crucial facts that need development by both [defendant] and [plaintiff]." *Smith County Sch. Dist. v. McNeil*, 743 So. 2d 376 (Miss. 1999). "A review of our short history in the Tort Claims Act moving from strict compliance clearly shows that all of our decisions are fact driven." *Id.* at 379. Furthermore, "This Court has attempted to move with care and caution in the development of the law in this new statutory area." *Id.*

¶12. In *McNeil*, the trial judge determined there were issues concerning notice and estoppel unresolved and declined to grant summary judgment. *Id.* In *McNeil*, this Court found there were several unanswered questions as to who notified the insurance company of the accident, when the insurance company was notified, and who received the notice of the claim. *Id.* at ¶ 15. Consequently, in *McNeil*, this Court affirmed the denial of summary judgment and remanded to the circuit court for further proceedings.

¶13. In the present case, the estoppel issue is barred from appellate review because it was not first raised at the trial level. Even if the issue had been raised in the lower court, we find there are insufficient facts before this Court to determine if estoppel is proper. Douglas may, however, raise the issue of estoppel before the circuit court once the record has been supplemented to prove or disprove Douglas's assertion that she substantially complied with the notice requirement.

## CONCLUSION

¶14. The judgment of the Hinds County Circuit Court granting Blackmon's motion to dismiss is reversed, and this case is remanded to that court for a determination of whether Douglas substantially complied with the notice requirement set forth in the Act. Prior to that determination, both parties shall be given opportunity to supplement the record.

¶15. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, WALLER, COBB AND DIAZ, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**