# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-IA-00748-SCT

*SMITH COUNTY SCHOOL DISTRICT; AND J. C. ALLEN IN HIS CAPACITY AS SMITH COUNTY SUPERINTENDENT OF EDUCATION*

*v.*

*ERNESTINE McNEIL*

## CONSOLIDATED WITH

## NO. 98-CA-00411-SCT

*ERNESTINE McNEIL*

*v.*

*SMITH COUNTY SCHOOL DISTRICT; AND J. C. ALLEN IN HIS CAPACITY AS SMITH COUNTY SUPERINTENDENT OF EDUCATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/20/1998 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ALBEN N. HOPKINS |
| | THOMAS A. WALLER |
| ATTORNEY FOR APPELLEE: | EUGENE C. TULLOS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 08/26/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 09/16/99 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On September 6, 1996, Ernestine McNeil filed her complaint in the Smith County Circuit Court against the Smith County School District and J.C. Allen, Smith County Superintendent of Education (hereinafter collectively referred to as the school district). In her complaint, McNeil alleged that she was injured in a September 7, 1995, accident proximately caused by the school district's negligence and sought damages in the amount of $45,900. Apparently, McNeil was injured when she tripped and fell while attending a football game at the Raleigh High School. On October 15, 1996, the school district filed its motion to dismiss, asserting that McNeil failed to comply with the notice of claim requirements of Miss. Code Ann. § 11-46-11 (Supp. 1998). The school district also asserted noncompliance with the statutory notice requirements as a defense in its answer filed on April 7, 1997.

¶2. Circuit Court Judge Robert G. Evans conducted a hearing on the motion to dismiss on March 7, 1997. At the hearing, McNeil offered into evidence three letters. The first was a letter from Nancy Ostrowski of Coregis Insurance Carriers (hereinafter Coregis), to McNeil, acknowledging a September 18, 1995, phone conversation between the two regarding Coregis's general liability policy covering the school district. The second was an August 5, 1996, letter from attorney Eugene C. Tullos to Ostrowski, advising Coregis of his representation of McNeil in her personal injury claim. The last letter was sent to Tullos from Coregis on August 19, 1996, informing Tullos that its investigation into McNeil's claim led it to the conclusion that the school district was not negligent, but acknowledging coverage for McNeil's medical bills up to a $5,000 limit, $1,472.25 of which had already been paid to reimburse some of McNeil's medical providers. Judge Evans denied the school district's motion to dismiss on April 7, 1997, finding that actual notice is sufficient to comply with the requirements of § 11-46-11.

¶3. The school district filed a petition to certify an interlocutory appeal in the case on April 10, 1997, which was denied by Judge Evans on June 6, 1997. The school district then filed a petition for interlocutory appeal with this Court on June 23, 1997. After we handed down our opinion in *City of Jackson v. Lumpkin*, 697 So. 2d 1179, 1181 (Miss. 1997), the school district filed a motion for reconsideration in the circuit court on September 15, 1997, asking Judge Evans to reconsider his order denying the school district's motion to dismiss. On February 3, 1998, we granted the school district's petition for interlocutory appeal. Judge Evans subsequently granted the school district's motion for reconsideration on February 20, 1998, and dismissed McNeil's case with prejudice, based upon our intervening decision in *Lumpkin*, *supra*. McNeil filed her notice of appeal to this Court from the February 20, 1998, order dismissing her case. The school district filed a motion to voluntarily dismiss the interlocutory appeal, which

we denied on April 14, 1998, finding that the February 20, 1998, order of the circuit court was void for lack of jurisdiction. The parties then filed a joint motion to consolidate the record in the interlocutory appeal with the record in McNeil's direct appeal, and to dismiss the direct appeal. We granted the joint motion in a June 10, 1998, order, leaving only the interlocutory appeal from the circuit court's denial of the school district's motion to dismiss currently before this Court.

## STATEMENT OF THE LAW

¶4. Section 11-46-11 in the Mississippi Tort Claims Act (hereinafter the Act) requires a plaintiff filing a claim against a governmental entity to file a notice of claim with the chief executive officer of the governmental entity ninety days before filing the complaint. Miss. Code Ann. § 11-46-11(1) (Supp. 1998). The notice of claim must be in writing and

> contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2) (Supp. 1998).[1] Claims against governmental entities must be filed within one year of the date of the actionable conduct, but filing the notice of claim tolls the statute of limitations for ninety-five days. Miss. Code Ann. § 11-46-11(3) (Supp. 1998).

¶5. The school district asserts that because McNeil did not file a notice of claim with the chief executive officer of the school district, she did not comply with § 11-46-11. It relies on *City of Jackson v. Lumpkin*, 697 So. 2d 1179 (Miss. 1997), *Carpenter v. Dawson*, 701 So. 2d 806 (Miss. 1997), and *Holmes v. Defer*, 722 So. 2d 624 (Miss. 1998), to support its position. In *Lumpkin*, we held that the statutory notice requirements under § 11-46-11 must be strictly followed, finding that notice to the City's claims department, rather than the City's chief executive officer denied the circuit court of jurisdiction over the claim. *Lumpkin*, 697 So. 2d at 1181. Following the precedent set in *Lumpkin*, in *Carpenter* we found that a two-sentence letter mailed to the city's liability insurance carrier would not even meet a substantial compliance standard, much less be adequate notice under the strict compliance standard. *Carpenter*, 701 So. 2d at 807-08. We again cited *Lumpkin* with approval in the *Holmes* decision, in which we upheld the trial court's decision to grant summary judgment based upon the plaintiff's failure to file any notice at all. *Holmes*, 722 So. 2d

at 627-28.

¶6. In *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237 (Miss. 1998), we announced a new rule requiring only substantial compliance with the notice provisions of the Act. "When the simple requirements of the Act have been substantially complied with, jurisdiction will attach for purposes of the Act." *Id*. at 1240. We noted the contrary decisions in *Lumpkin* and *Carpenter*, but did not specifically overrule them. *Id*.

¶7. More recently, however, in *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999), we cited with approval the decision in *Reaves* adopting the substantial compliance standard and overruled *Lumpkin*, *Carpenter*, and *Holmes* to the extent that those opinions require strict compliance. *Id*. at 263 and 266. The school district's reliance on those three cases for the proposition that strict compliance with the notice requirements is necessary is therefore to no avail. However, in *Carr*, we went on to explain that the submission of bills and invoices to a city employee in *Lumpkin*, the plaintiff's complete lack of notice in *Holmes*, and the two-sentence letter submitted only to the insurance company in *Carpenter* would all fail to satisfy the statutory notice requirements even under the substantial compliance rule. *Id*. at 266.

¶8. McNeil never filed a written notice of claim with any appropriate representative of the school district, or even with the school district's insurance carrier in this case. The August 19, 1996, letter from Coregis to Attorney Tullos denying further liability indicated that the insurance company had information regarding the facts and circumstances underlying McNeil's claim, the time and place of her injury, the nature of her injury, and at least a portion of her medical expenses.

¶9. McNeil contends that the school district had actual or constructive notice, sufficient to satisfy and/or waive the provisions under § 11-46-11. We have previously found that a governmental entity may waive the notice requirement, or be estopped from asserting insufficient notice under the Act. In *Carr*, we held that the city was estopped from asserting inadequate notice of the claim, because the plaintiff completed a claim form provided by the city, and the mayor had actual notice of the claim. *Carr*, 733 So. 2d at 264-65. More recently, in *Ferrer v. Jackson County Bd. of Supervisors*, No. 97-CA-01063-SCT, 1999 WL 250983, *3-4 (Miss. Apr. 29, 1999), we found that the "prolonged, continuous and extensive" communication between the plaintiff and the Board, including settlement offers made by the Board, substantially complied with the notice requirement and constituted waiver of notice and estoppel.

¶10. The three letters McNeil submitted at the motion hearing indicated that the insurance company was aware of her claim. However, we have not previously held that notice to the governmental entity's insurance carrier amounts to actual notice to the

governmental entity or waiver of the notice requirement.

¶11. In this case, McNeil's only contact was with the insurance company. The only indication in the record supporting a finding that the school district may have been aware of the accident was a statement made by McNeil's attorney at the March 7, 1997, hearing that the insurance company made the initial contact with McNeil and acknowledged that the incident had occurred and that McNeil was injured. It is unlikely that the insurance company would have contacted McNeil without someone from the school district having known about a potential claim and asking the insurance company to check into it. However, we cannot rely solely on an inference based upon the unsworn statement of an attorney made during argument at a hearing without any evidence to support his assertion of fact. In the posture of this case, we need not rely on inferences and suppositions to fill in the crucial facts that need development by both the Smith County School District and Ernestine McNeil. A review of our short history in the Tort Claims Act moving from strict compliance clearly shows that all of our decisions are fact driven.

¶12. In his original holding, the trial judge determined that there were actual issues concerning notice and estoppel unresolved and declined to grant summary judgment. In so doing, he chose the wiser course of action. No damage can be done to either party or to the law by allowing as full and complete a development of the actual facts of this case that skillful attorneys may accomplish. This ultimately works to the benefit of everyone.

¶13. This Court has attempted to move with care and caution in the development of the law in this new statutory area. That is as it should be.

¶14. Contrary to the school district's position, the law no longer requires strict compliance with the notice requirements under Section 11-46-11 of the Mississippi Tort Claims Act. Whether substantial compliance exists in this case remains to be seen, and it can better be determined by trial on the merits than by summary judgment.

¶15. In order to review the denial of summary judgment before us, it must be clear what the facts are. It is better to err on the side of denying a motion for summary judgment if a doubt exists as to whether a genuine issue of fact exists. *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 70 (Miss. 1996). At this point, there are several unanswered questions as to who notified the insurance company of the accident, when the insurance company was notified and who received notice of the claim.

¶16. There were some negotiations between the insurance carrier and McNeil. There was a letter sent from the insurance carrier to McNeil, confirming a previous conversation between McNeil and the carrier, initiated by the carrier, which indicates evidence that the carrier was notified of the claim by someone from the school district.

This warrants further discovery as to how the carrier came to be notified of the accident, especially in light of the fact that it made the initial contact with McNeil.

¶17. McNeil later received another letter in which the carrier denied liability, but acknowledged its ability to pay medical bills up to a certain amount. The actions of the carrier may be sufficient to estop the defendant from asserting lack of actual notice. *See* *Ferrer v. Jackson County Bd. of Supervisors*, No. 97-CA-01063-SCT, 1999 WL 250983 (Miss. Apr. 29, 1999). This is an issue to be considered by the trial court in the first instance following full development of the facts.

## CONCLUSION

¶18. The judgment of the Circuit Court denying the school district's motion to dismiss is affirmed, and this case is remanded to the Circuit Court of Smith County, Mississippi, for further proceedings consistent with this opinion.

¶19. **AFFIRMED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, WALLER AND COBB, JJ., CONCUR. SMITH, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, WALLER AND COBB, JJ.**


**SMITH, JUSTICE, CONCURRING:**


¶20. I concur with the majority to remand this case for further discovery in order to address the "several unanswered questions as to who notified the insurance company of the accident, when the insurance company was notified and who received notice of claim." Majority Op. at 8.

¶21. I also agree that the second issue to be determined after a full development of the facts is whether the insurance carrier's actions here are sufficient to estop the school district from arguing lack of notice per the statute. Citing *Ferrer v. Jackson County Bd. of Supervisors*, No. 97-CA-01063-SCT, 1999 WL 250983 (Miss. Apr. 29, 1999), the majority has properly reminded the trial court that "[t]he actions of the carrier may be sufficient to estop the defendant from asserting lack of actual notice." Majority Op. at 8.

¶22. I would also remind the lower court of our recent case of *Reaves v. Randall*, No. 97-CA-00982-SCT, (March 25, 1999), where this Court addressed the issue of who should receive the notice of claim as required by the statute and stated:

> However, the Act leaves the term "chief executive officer of the governmental entity" undefined. This language has proved overly broad and likely has created much hardship. In order to give reasonable meaning to the statute, we hold today that this term may be read to include any of the following: president of the board, chairman of the board, any board member, or such other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability.

*Id* at 1240. After completion of discovery regarding these issues, the trial court, applying the above cited cases, should have little difficulty in arriving at the proper conclusion.

**MILLS, WALLER AND COBB, JJ., JOIN THIS OPINION.**

1. This statute has since been clarified through legislation which passed and took effect on March 25, 1999. 1999 Miss. Laws ch. 469 (HB 778).