THOMAS, J.,
for the court.
¶ 1. Melvin Buckley was the school superintendent for the Natchez-Adams School District. When he discovered that he was to be fired, Buckley and the school district entered into an agreement which would allow him to remain as an employee for two more years in order to obtain the time needed for his retirement. When the Natchez-Adams School District insisted that Buckley sign a contract that Buckley felt was materially different from the agreement, Buckley refused to sign it and was terminated. Buckley brought suit based partially in contract and partially in tort alleging damages. A jury found in favor of the Natchez-Adams School District. Aggrieved, Buckley asserts the following issues:
I. THE TRIAL COURT ERRED IN FAILING TO DEMAND THAT THE SEPTEMBER 25, 1996, “ORDER” ENTERED BY THAT COURT BE COMPLIED WITH BY APPELLEES.
II. THE TRIAL COURT ERRED IN DISMISSING THE INDIVIDUAL DEFENDANTS, GEORGE F. WEST, TERRY ESTES, ROBERT P. McGEE, HOMER C. KING, BETTY MARTIN, BOBBIE JEAN RIDLEY, AND BRUCE KUEHNLE, JR.
III. THE TRIAL COURT ERRED IN RULING THAT THE SETTLEMENT AGREEMENT OF FEBRUARY, 1993, HAD NOT BEEN BREACHED BY APPEL-LEE NATCHEZ-ADAMS SCHOOL DISTRICT AS A MATTER OF LAW.
IV. THE TRIAL COURT ERRED IN FAILING TO PROVIDE APPELLANT BUCKLEY WITH EITHER A NEW TRIAL OR A JUDGMENT NOTWITHSTANDING THE VERDICT BECAUSE THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
V. THE TRIAL COURT ERRED IN RULING THAT APPELLEE NATCHEZ-ADAMS SCHOOL DISTRICT AND APPELLANT BUCKLEY HAD TO ENTER INTO A SEPARATE TWO-YEAR CONTRACT FOLLOWING THE SETTLEMENT *728 AGREEMENT ENTERED INTO BY AND BETWEEN THE PARTIES IN SEPTEMBER, 1993.
Finding no error, we affirm.
FACTS
¶ 2. Melvin Buckley was hired to serve as school superintendent for the Natchez-Adams School District (NASD) in August 1988. When initially hired, Buckley was given a three-year contract which was extended by two additional one-year terms through the 1993 school year. During the latter part of 1992, Buckley was informed by NASD school board member Terry Estes that the board was not going to renew his contract when it ended July 31, 1993. Buckley was concerned about the non-renewal, but was most interested in obtaining the two more years of employment he needed in order to qualify for his State of Mississippi retirement. Buckley sought counsel and retained William May of Newton, Mississippi.
¶ 3. Buckley requested a non-renewal hearing under the School Employees Procedures Act. Before the hearing was completed, a settlement agreement was reached and a settlement agreement and release was entered into on February 24, 1993, with the assistance of counsel for both parties. This agreement stated that Buckley would step down immediately as superintendent and be paid $15,000 for releasing the school district from all claims arising from the non-renewal of his contract. Buckley was to receive his current full salary as a special deputy to the board through the end of his present contract, July 31, 1993. Following that date, Buckley would enter into a two-year contract with the school district for special duties at a pay rate of $1,500 per month so that he would be eligible for his retirement from the State of Mississippi. It is the last part of this agreement which has given rise to this case. The agreement was as follows:
Dr. Buckley and the District will enter into an employment contract under which Dr. Buckley will assist the District with special projects selected by the Board. The contract will be for two years at a salary of $1,500 per month.
¶ 4. In early July 1993, Buckley asked NASD board attorney Bruce Kuehnle, Jr. for the two-year contract contemplated in the agreement. Although Buckley now complains that his attorney never received a copy of the contract, it was admitted that Buckley himself asked for the contract and never requested that his attorney be sent a copy. In late July, Buckley was provided with a standard contract for certified employees which required 240 days of employment, in order for Buckley to be eligible for his state retirement. If hired as a consultant, he would not have been eligible to receive the retirement credit under the Public Employment Retirement System guidelines. Pursuant to the agreement in February, Buckley was to be paid $1,500 per month under the contract.
¶ 5. Buckley refused to sign the contract and proposed a contract he had drafted. NASD then submitted another contract to Buckley which contained slight revisions of their initial draft. Buckley never executed the NASD contract, and he was terminated by NASD. Buckley complains that he detrimentally relied on the agreement in February 1993, and that he lost two years of income as well as the two years needed for him to receive his retirement. Buckley asserts that there were no negotiations over the contract, and there is an issue as to whether a contract was needed at all. He felt that he would be assigned “special projects,” most of which he could handle from “his kitchen table.”
¶ 6. Buckley brought suit against the board, and at trial the court found that *729 there was a material issue of fact as to whether or not the school district breached the settlement agreement and therefore denied NASD’s motion for summary judgment, although the court did grant the summary judgment motion dismissing all of the individual defendants, leaving NASD as the sole defendant. A jury returned an eleven to one verdict for NASD and Buckley now appeals to this Court.
ANALYSIS
I. DID THE TRIAL COURT ERR IN FAILING TO DEMAND THAT THE SEPTEMBER 25, 1996, “ORDER” ENTERED BY THAT COURT BE COMPLIED WITH BY APPEL-LEES?
¶ 7. Buckley argues that the NASD failed to comply with a court order which required certain discovery materials such as transcripts of executive sessions to be produced by November 1, 1996, and that the lower court erred in failing to enforce such order. The order did not provide that Buckley was to view the documents, however, as NASD argued that they were privileged. NASD failed to produce the records initially and Buckley filed a motion for citation of contempt on March 13,1997. On April 2, NASD notified Buckley that the records were on file with the court. After a denial of a hearing on Buckley’s motion since the records had already been produced, Buckley filed a rebuttal motion on April 10, for sanctions due to delays.
¶8. In his appeal, Buckley again asserts that the discovery materials were never produced, despite that his rebuttal motion admits that they were. Finding no evidence in the record that Buckley obtained an order to view the documents or attempted to introduce them at trial, we agree with NASD and hold that Buckley is procedurally barred from raising this issue on appeal. Douglas v. Blackmon, 759 So.2d 1217, 1220(¶ 9) (Miss.2000). An issue not raised before the lower court is deemed waived and is procedurally barred from consideration on appeal. Gale v. Thomas, 759 So.2d 1150, 1159(¶ 40) (Miss.1999).
¶ 9. This issue is without merit.
II. DID THE TRIAL COURT ERR IN DISMISSING THE INDIVIDUAL DEFENDANTS, GEORGE F. WEST, TERRY ESTES, ROBERT P. McGEE, HOMER C. KING, BETTY MARTIN, BOBBIE JEAN RID-LEY, AND BRUCE KUEHNLE, JR.?
¶ 10. Buckley argues that the trial court erred in dismissing the individual defendants from the ease at hand. NASD points out that Buckley’s complaint itself refers to the individuals named as defendants as acting “within the course and scope of their employment.” As in the issue above, Buckley failed to raise this issue in his motion for judgment notwithstanding the verdict or for a new trial. Having failed to preserve the issue, Buckley is barred from raising it now on appeal. Materials Transp. Co. v. Newman, 656 So.2d 1199, 1203 (Miss.1995).
¶ 11. Notwithstanding the procedural bar, the trial court correctly found that there were no material issues of fact as to the actions of the individual defendants in regard to the plaintiffs claims. No evidence was presented that any of the individuals acted outside of their scope of employment. As mentioned above, Buckley’s complaint itself referred to the individuals as having acted within the course and scope of their employment. Buckley asserts that the last two defendants “did not like him.” However, even if true, this does not create a cause of action against these individuals. No testimony is found *730 in the record dealing with a confrontation between Buckley and his successor and Kuehnle’s alleged attempt to get Buckley to drop charges which arose out of this confrontation. Lacking any evidence on the record, this issue is without merit.
III. DID THE TRIAL COURT ERR IN RULING THAT THE SETTLEMENT AGREEMENT OF FEBRUARY, 1993, HAD NOT BEEN BREACHED BY APPELLEE NATCHEZ-ADAMS SCHOOL DISTRICT AS A MATTER OF LAW?
IV. DID THE TRIAL COURT ERR IN FAILING TO PROVIDE APPELLANT BUCKLEY WITH EITHER A NEW TRIAL OR A JUDGMENT NOTWITHSTANDING THE VERDICT BECAUSE THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE?
V. DID THE TRIAL COURT ERR IN RULING THAT APPELLEE NATCHEZ-ADAMS SCHOOL DISTRICT AND APPELLANT BUCKLEY HAD TO ENTER INTO A SEPARATE TWO-YEAR CONTRACT FOLLOWING THE SETTLEMENT AGREEMENT ENTERED INTO BY AND BETWEEN THE PARTIES IN SEPTEMBER, 1993?
¶ 12. Buckley himself combines these last three issues into one and NASD responds to them as one issue as well. Therefore we also will examine them together as one issue. Buckley argues that the trial court erred in failing to grant a new trial or JNOV because the verdict was against the overwhelming weight of the evidence. NASD submits that the jury was properly allowed to consider the question and returned a verdict in favor of NASD. It is well settled in Mississippi case law that questions of fact are clearly for the jury. White’s Lumber and Supply Co. v. Collins, 186 Miss. 659, 660, 192 So. 312, 313 (1939).
¶ 13. “The standard of review for denial of a judgment notwithstanding the verdict and a directed verdict are identical.” American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995) (citing Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993)). We are required to consider the evidence in the light most favorable to the non-moving party, and if the facts are so overwhelmingly in favor of the moving party that a reasonable juror could not have agreed with the verdict at hand, we must reverse. Sperry-New Holland, 617 So.2d at 252. If there is substantial evidence, however, in support of the verdict, such that a reasonable person may have reached different conclusions, we must affirm. Id. In regard to a motion for a new trial, this decision is within the sound discretion of the trial judge. Green v. Grant, 641 So.2d 1203, 1207 (Miss.1994). A motion for new trial should only be granted when the entire evidence, viewed in the light most favorable to the non-moving party, leaves the trial judge with a “firm and a definite conviction that the verdict, if allowed to stand, would work a miscarriage of justice.” Id.
¶ 14. This case hinges on a settlement agreement made between Buckley and NASD in February 1993. The trial lasted four days. No jury instructions or witnesses were refused for Appellant Buckley. At the conclusion of the trial, the jury found eleven to one in favor of NASD. Examining the record and viewing the evidence in a light most favorable to NASD, we hold that the trial court did not err in denying Buckley’s motion for a judgment notwithstanding the verdict or a new *731 trial. The questions raised were questions of fact to be determined by the jury. “We give great weight and deference to juries on findings of fact and will not set aside a verdict unless it is against the overwhelming weight of the evidence and credible testimony.” Parker v. Thornton, 596 So.2d 854, 858 (Miss.1992) (citing Roberts v. State Farm Mut. Auto. Ins. Co., 567 So.2d 1193, 1196 (Miss.1990); Adams v. Green, 474 So.2d 577, 581 (Miss.1985)). The jury’s findings are not against the overwhelming weight of the evidence and credible testimony here. These issues are without merit.
¶ 15. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.